IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
(Milwaukee Division)

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> MARIAN UNIVERSITY, <br><br> Defendants. | Civil Action No. 19-cv-388 |

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND THE DISCLOSURE OF AN EXPERT WITNESS

Plaintiff John Doe moves this Court to enter an order pursuant to Rule 6 of the Federal Rules of Civil Procedure, extending the deadline to disclose an expert witness from September 16, 2019 to October 15, 2019. While this Court "does not take filing deadlines lightly," under Rule 6(b)(1)(B), this Court may extend a deadline if a party has "good cause," such as a failure to act because of "excusable neglect." *Wilke v. Cole*, 2014 U.S. Dist. LEXIS 125130, at *3-4 (E.D. Wis. Sept. 8, 2014) (Stadtmueller, J.). This is not a filing deadline, but a discovery deadline agreed to by the Parties in their Joint Rule 26 Report.[1] Dkt. 7. Nevertheless, good cause exists to extend this deadline as outlined below.

---

[1] The requested date for the extension is still before the discovery deadline of November 1, 2019. Dkt. 7.

## RELEVANT FACTS

This litigation arises from allegations of sexual misconduct that were brought against Plaintiff John Doe ("Doe") by a Marian University ("University") student, Jane Roe ("Roe"). Doe challenges the University's findings and his suspension because the University violated his Title IX rights. Furthermore, Doe alleges that the University was negligent, breached an implied contract, and breached the covenant of good faith and fair dealing. He seeks to have the finding of responsibility erased from his educational record, his suspension reversed, a declaration that his legal and contractual rights were violated, and to be compensated for the harm that he suffered. Doe further seeks to recover his good name and reputation. Trial is set for March 9, 2020. Dkt. 10.

The Parties' Joint Rule 26 Report, dated April 8, 2019, set Plaintiff's expert witness disclosure deadline for September 16, 2019 and the Parties' discovery deadline for November 1, 2019. Dkt. 7. Since the time of that filing, circumstances made the deadline for disclosing an expert impracticable.

Plaintiff's First Request for Production of Documents was propounded to Defendant on May 30, 2019. *See* Exhibit 1, page 4 (meet and confer letter of September 17, 2019)[2]. Defendant's response date was set for July 1, 2019. *Id.* Defendant requested a two-week extension to July 15, 2019, which was obliged. Defendant produced the documents late on July 16, 2019. *Id.*

---

[2] Settlement communications are redacted from this letter.

A protective order was entered by this Court on June 17, 2019. Dkt. 23. Covered by the protective order was FERPA information. Dkt. 23, ¶ 5. The protective order dictated that Defendant would send FERPA notifications and if no response was received within twenty-one days, Defendant would produce the information. Although Plaintiff propounded discovery on May 30, 2019 and the protective order was entered on June 17, 2019, Defendant did not produce any FERPA information until August 8, 2019 – meaning that Defendant delayed sending the FERPA notifications until well after the time that the Court entered the protective order even though such information was responsive to discovery that was propounded in late May 2019. *Id.* These documents contain the most important information in this matter as they contain the investigative files with the students' information, including the investigators' notes and transcripts of interviews with the students.

Shortly after receiving these important documents, Plaintiff took the depositions of Jane Roe on September 9, 2019 and the University employees on September 10-12, 2019 (the first available dates offered by Defendant). Relevant information responsive to Plaintiff's May 30, 2019 discovery requests (including training material and social media) was produced at that time, the last day of which was just four days before the expert witness disclosure deadline. Exhibit 1, page 8 (meet and confer email of September 19, 2019). Even more egregious, it was discovered right before the depositions that Defendant had not produced the Investigation Report (the document relied upon and used by the investigators to make

3

their decision). The Investigation Report was produced by Defendant on the first date of the depositions – September 9, 2019.

Moreover, information was learned during a deposition on September 12, 2019 that gave rise to the need for an expert (including the use of trauma-informed investigation tactics). As stated above, the depositions were only scheduled so close to the expert witness disclosure deadline because those dates were the first available dates for Defendant. *See* Exhibit 1, page 4 (meet and confer letter of September 17, 2019). That very day, September 12, 2019, Plaintiff's counsel called and spoke with a potential expert. A phone conference was set with the expert for September 16, 2019.

Due to the impracticability of the expert disclosure deadline, Plaintiff met and conferred with Defendant the following day on September 13, 2019, requesting a two-week extension for expert designations, from September 16, 2019 to September 30, 2019, and offering a similar extension for Defendant's deadline. Exhibit 1, page 1. Defendant denied the request on September 13, 2019. Exhibit 1, page 2. Plaintiff followed-up with a meet and confer letter and offered to set a conference by phone in order to resolve the issue without a motion on September 17, 2019. Exhibit 1, page 4. Defendant denied the request once more on September 18, 2019, citing concern with the upcoming dispositive motion due date on October 15, 2019. Exhibit 1, page 7; Dkt. 10. On September 19, 2019, Plaintiff tried once more to amenably resolve the deadline absent the Court's intervention. At that time, Plaintiff's counsel offered to extend the dispositive motion deadline as well as attempted to set the matter for a phone conference. Exhibit 1, page 8. Defendant did not respond.

On September 24, 2019, Plaintiff emailed Defendant once again to schedule a call regarding the expert deadline extension. Exhibit 1, page 9. On September 25, 2019, Plaintiff emailed a draft of this motion in preparation for the phone conference in an effort to further meet and confer. On September 26, 2019, Plaintiff and Defendant participated in a meet and confer phone conference in good faith. During that conference, Plaintiff tried to be creative in coming up with a solution to avoid motion practice, including again offering to consent to extending the dispositive motion deadline and offering to truncate Plaintiff's own response time to Defendant's motion. Defendant took the offer under advisement, but then declined via email later that day. Exhibit 1, page 13.

Additionally, Plaintiff has had the phone conference with the expert, who is available during the trial date scheduled for this matter. Plaintiff retained that expert on September 25, 2019, while drafting this motion. The expert needs to review relevant documents and depositions to prepare his report, which is why Plaintiff requests an extension to October 15, 2019.

## ARGUMENT

In determining whether a party has missed a deadline due to "excusable neglect," this Court identifies the issue as an "equitable one" and considers factors such as "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Wilke*, 2014 U.S. Dist. LEXIS 125130, at *2-4 (quoting *Pioneer*

*Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Here, the danger of prejudice to the opposing party is minimal at best, and, if anything, it was brought on by opposing party's own inaction. The length of the delay is short as Plaintiff has already found and retained an expert. Further, this extension will not affect judicial proceedings as the trial is not until March 9, 2020. Moreover, the delay is justified as Defendant failed to produce documents responsive to discovery requests and relevant information in a timely fashion, waiting until depositions (scheduled at Defendant's availability, merely days before the expert disclosure deadline) to produce the information. Finally, Plaintiff has proceeded in good faith, meeting and conferring multiple times on this issue, and acting quickly in drafting the motion. The cause of this motion is not due to Plaintiff's own inaction, but due to circumstances outside of his control.

## I. There Is No Danger of Prejudice to the Opposing Party

The first factor to consider when analyzing for an extension under Rule 6's "excusable neglect" exception is whether the opposing party would be prejudiced by such an action. *Wilke*, 2014 U.S. Dist. LEXIS 125130, at *2 (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 395). Here, Defendant will not be prejudiced.

The parties are not yet at issue in this matter as Defendant has not yet Answered Plaintiff's Amended Complaint. Additionally, Defendant's timeline to hire an expert is not until December 2019. Dkt. 7. Although dispositive motions are due the same day as the requested date for the expert disclosure, it is unlikely that Defendant would rely on Plaintiff's expert for its dispositive motion. Also, the

6
Case 2:19-cv-00388-JPS    Filed 09/30/19    Page 6 of 11    Document 26

dispositive motion deadline has been in place since April 11, 2019 (Dkt. 10), giving Defendant plenty of time to draft that motion absent Plaintiff's expert witness report. Further, Defendant could still utilize the report for its reply brief for the motion should it so choose. Otherwise, Plaintiff is also agreeable to extending the dispositive motion deadline, should the Court find it necessary. Finally, the request for the extension was necessitated by Defendant's mistakes, including failing to timely issue FERPA notifications, failing to produce responsive documents in a timely manner, and only offering deposition dates extremely close to the expert witness disclosure deadline, knowing that documents and information was surely to be discovered by Plaintiff during the depositions.

## II. The Length of Delay Is Short and Will Have Little Impact on Judicial Proceedings

This Court also analyzes requests to extend in light of the impact such a request will have on judicial proceedings. *Wilke*, 2014 U.S. Dist. LEXIS 125130, at *2 (citing *Pioneer Inv. Services Co.*, 507 U.S. at 395). Here, there will be little impact on the judicial proceedings.

The trial is not until March 9, 2020, and the addition of the expert witness will not extend the trial beyond its originally expected duration. Further, Plaintiff is not asking the Court to extend discovery, the deadline of a dispositive motion, or trial, but instead is asking the Court to extend the deadline of the expert witness disclosure by a few weeks and within the discovery deadline (November 1, 2019). Plaintiff, upon discovering the relevant information at a deposition on September 12, 2019, found an expert witness that very day and met and conferred with Defense counsel the very

next day in an effort to minimize the delay as much as practicable. The extension would serve to give the expert witness the time necessary to prepare an expert witness report.

### III. The Delay is Justified

In considering the extension of a deadline under Rule 6(b)(1)(B), the Court evaluates the reason for delay, including whether cause for delay was within the reasonable control of movant. *Wilke*, 2014 U.S. Dist. LEXIS 125130, at *2 (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 395). The facts at hand show that the cause for delay was out of the control of the movant and is thus justifiable.

The cause for delay stems directly from opposing counsel's failure to timely produce relevant information responsive to Plaintiff's May 30, 2019 discovery requests until mere days prior to the expert witness disclosure deadline. During the depositions, including on September 12, 2019, Plaintiff received not just relevant, but also material, information and documents. With new material information at hand, and in light of Plaintiff's counsel's ethical obligation to "act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf," Plaintiff's counsel was compelled to engage an expert witness at the time the new information was conveyed, which was only four days prior to the deadline. Model Rules of Prof'l Conduct R. 1.3 (2018). Despite the tight time constraint, Plaintiff worked in an expeditious manner to secure an expert witness upon receipt of new information. Plaintiff seeks an extension of the deadline simply to provide time for the expert to compile a report. His request for an extension is brought out of

circumstances wholly out of his control (and due to Defendant's own inaction), and thus, should be found justifiable.

### IV. The Movant Acted in Good Faith, Having Met and Conferred and Moved as Quickly as Possible to Meet the Deadline

Pursuant to the facts outlined above, and in the communications displayed in Exhibit 1, Plaintiff's counsel demonstrated persistence in reaching out to opposing counsel and attempting, in good faith, to meet and confer to satisfy the deadline as efficiently as possible. Reviewing other district court's opinions within the Seventh Circuit, Plaintiff has clearly established that he acted in "good faith" under Rule 6. *Ware v. Brown*, 2018 U.S. Dist. LEXIS 19946, at *6 (N.D. Ind. Feb. 7, 2018); *Golson-Dunlap v. Med-1 Sols., LLC*, 2019 U.S. Dist. LEXIS 27462 at *7 (S.D. Ind. Feb. 21, 2019).

Standing in stark contrast to the plaintiff in *Ware*, who failed to demonstrate a good faith effort in complying with deadlines due to "a history of delay," and a "pattern of tardiness and lack of attention to scheduling matters throughout the course of litigation," Plaintiff in the present matter has thoroughly demonstrated a keen awareness and respect of deadlines. *Ware*, 2018 U.S. Dist. LEXIS 19946, at *6. Moreover, similarly to the plaintiff in *Golson-Dunlap*, who acted in good faith by attempting to resolve her issue informally with opposing counsel prior to resorting to judicial intervention, the timeline of correspondence as outlined above proves a consistent effort on part of the Plaintiff to timely and efficiently resolve this matter between the parties prior to engaging the Court. *Golson-Dunlap*, 2019 U.S. Dist. LEXIS 27462 at *7. Further, Plaintiff did not actively delay naming an expert, but

instead only discovered an expert was needed merely four days before the deadline and well-after any expert report could be timely drafted and disclosed. Plaintiff has acted, and continues to act, in good faith regarding disclosing an expert, and thus requests a deadline extension to disclose an expert witness in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the expert disclosure deadline is extended from September 16, 2019 to October 15, 2019.

DATED: September 30, 2019          Respectfully submitted,

                                              By: /s/ Jesse R. Binnall
                                              Harvey & Binnall, PLLC
                                              Jesse R. Binnall, VSB No. 79292
                                              Lindsay R. McKasson, CSB No. 293144
                                              717 King Street, Suite 300
                                              Alexandria, Virginia 22314
                                              Telephone: (703) 888-1943
                                              Facsimile: (703) 888-1930
                                              Email: jbinnall@harveybinnall.com
                                                                      lmckasson@harveybinnall.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

>By: /s/ Jesse R. Binnall
>Harvey & Binnall, PLLC
>Jesse R. Binnall, VSB No. 79292
>Lindsay R. McKasson, CSB No. 293144
>717 King Street, Suite 300
>Alexandria, Virginia 22314
>Telephone: (703) 888-1943
>Facsimile: (703) 888-1930
>Email: jbinnall@harveybinnall.com
>           lmckasson@harveybinnall.com