JOHN DOE,

        Plaintiff,

    v.                                    Case No. 2:19-cv-00388-JPS

MARIAN UNIVERSITY,

        Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED ADDITIONAL MATERIAL FACTS

NOW COMES the Defendant, Marian University, by its undersigned attorneys, and for their Response to Plaintiff's Proposed Additional Material Facts, states as follows:

1.     Doe and Roe met each other in early 2017, in their spring semester of their freshman year. [Ex. B (Dx 1) at DEF002667].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the Bates stamp referenced by Plaintiff in support of their proposed fact in not included in the cited material; Exhibit B ends with Bates Number DEF002666. [*See* Doc. 43-2.]

2.     Doe and Jane Roe ("Roe") were close friends prior to the incident. [Dkt. 32, 17:19-20; Ex. RR, ¶ 2]. Doe and Roe were both enrolled in ROTC. [Ex. RR, ¶ 2].

**Defendant's Response (Part 1)[1]:** Defendant objects to the proposed fact because it fails

---

[1] Given that Plaintiff repeatedly included multiple sentences in a single numbered proposed fact, Defendants have responded to each sentence as a separate proposed fact and designated the response in parts. (First sentence is designated as "Part 1," second sentence is designated as "Part 2", etc.)

to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection, no dispute.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection, no dispute.

3.     Roe initially stated that Doe confronted her at work in front of Hailey Lowe ("Lowe"), her manager at Victoria's Secret, stating: "[Lowe] was close enough that she knew I was extremely uncomfortable" when Doe talked to her at Victoria's Secret. [Ex. H (Dx 2) at DEF002594]. In her second interview, Roe stated Lowe "saw how uncomfortable [Roe] was and [Lowe] ended up walking over." [Ex. N (Dx 31) at DEF002606]. Lowe's interview did not corroborate Roe's statements. [Ex. AA (Dx 35). Lowe did not witness any yelling, she never "walked over," nor did she ask Doe to leave. *Id*. Notably, the findings report acknowledges that Lowe's interview did not corroborate Roe's story. [Ex. M (Dx 85) at DOE001171]. Moreover, it acknowledges "inconsistencies in [Roe's] narrative." [Ex. M (Dx 85) at DOE001170].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Roe made the aforementioned statement during her intake interview.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the

2

proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Roe made the aforementioned statement during her interview.

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, **Defendant disputes**. Ms. Lowe's statements regarding her observations were as follows: "[Roe] looked a little uncomfortable and then I went back to talk to the other gal that was working. And then when I was coming back up from [Roe] was on her way back to the back half of the store." [Doc. 43-27 (DEF002578).] "But yeah, so I just again just in the middle towards the end of the conversation just things looked uncomfortable between them." [Doc. 43-27 (DEF002579).] However, these disputes are **not material**, as the hearsay statements of Roe's manager do not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**Defendant's Response (Part 4):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that Ms. Lowe stated that she did not witness any yelling, nor did she walk over and ask Doe to leave.

3

**Defendant's Response (Part 5):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, **Defendant disputes**. The hearsay report stated that Lowe's recollection of the interaction between Roe and Doe was "not completely congruent" with Roe's recollection. [Doc. 43-13 (DOE001171).] However, this dispute is **not material**, as the hearsay report contents will not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**Defendant's Response (Part 6):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant admits that the hearsay report stated that "[t]here are timeline inconsistencies in her narrative *between the initial report and her timeline statements regarding who [Roe] notified and what she said to them.*" [Doc. 43-13 (DOE001170) (emphasis added).] Plaintiff omitted the emphasized text in their proposed fact which explains where the investigators noted inconsistencies.

4. During the Campus Save Committee Meeting on 03/15/16, the committee reviewed a case study pertaining to a Title IX case that took place at George Mason University. The committee discussed due process rights in these investigations. [Ex. OO (Dx 63) at DEF002076].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii).

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, **Defendant disputes**. The cited materials does not indicate that the committee specifically discussed due process rights. However, this dispute is **not material**, as the content of hearsay minutes do not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

5.      In a Title IX training presented by Peter F. Lake entitled "Higher Education: Hot Topics, Trending Issues and Legal Update," Lake discusses the new proposed New Title IX Regulations, considering due process and cross-examination. [Ex. NN (Dx 80) at 14]. Krikau testified that he uses Lake's presentation as a model for Title IX training and "professional development." [Dkt. 30, 30:8-15]. This presentation listed "MeToo" as a "Hot Topic." [Ex. JJ (Dx 80)].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the

proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that the cited PowerPoint at Doc. 43-40, page 13, includes a bullet point entitled "Proposed New Title IX Regulations" and another bullet point which contains the following: "Off-campus incidents? Due process and direct cross-examination? Change in the definition of harassment? Single investigator? Mediators and Neutrals (JAMS)? Fee shifting?" Defendant disputes remainder as not supported by the cited document.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, **Defendant disputes**. The referenced deposition transcript does not support that Krikau used the aforementioned presentation as a model for Title IX training and professional development. Rather, the cited testimony stated that Krikau previously presented at Marian University on the history of compliance and legal issues in higher education for professional development of staff which involved Title IX (specifically, why Title IX was in the news). However, this dispute is **not material**, as presentations that Krikau previously made do not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, **Defendant disputes** because the cited materials do not support Plaintiff's proposed

fact. Indeed, the two referenced Powerpoint slideshows are from two different presentations in different years. [*See* Doc. 43-40 (page 5, referencing 2019); Doc. 43-36 (page 1, referencing 2018).] Further, Dr. Krikau testified that he did not recall attending the 2018 training which referenced "MeToo" as a "Hot Topic." [Doc. 30, 98:23-99:23.]

      6.     In a January 2017 Student Conduct Processes Presentation, Krikau presented a slide called "Overview - Due Process." [Ex. QQ (Dx 117) at DEF001869]. This slide states:

> "All students are guaranteed due process. At Marian University this means that all students have the right to know the accusations made against them and to respond to those charges verbally or in writing. Due process is managed through our administrative structure and facilitated through our student conduct process and protocols."

[*Id.*]. Further, it states that in "legalese" due process means a "Constitutional right to a[n] equitable hearing." [*Id.*]. In "educationese" it is defined as "doing what we said we would do in our handbooks." [*Id.*]. Krikau drafted these slides. [Dkt. 30, 142:19-143:2].

    **Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendants do not dispute that Krikau authored the cited slide, and that the cited slide contains the cited language, subject to the word "that" which Plaintiff improperly added to the second sentence.

    **Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendants do not dispute the cited slide contained the cited language.

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendants do not dispute the cited slide contained the cited language.

**Defendant's Response (Part 4):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendants do not dispute that Krikau created the aforementioned slide, but affirmatively allege that Krikau does not recall coming up with the definitions cited in the slide. [*See* Doc. 30, 143:7-13.]

7.     "It's On Us" is a social movement that was initiated and promoted by the White House Council on Women and Girls during President Obama's administration that focused on allegations of sexual assault.[2]

**Defendant's Response:** Defendant objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Defendant further objects to the proposed fact because the material ostensibly cited to support the proposed fact is not admissible evidence; the material cited in the footnote, purportedly in support of the proposed fact, is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the material cited in the footnote has not been properly authenticated. *See* Fed. R. Evid. 901(a). Subject to the objections and without waiving same, **Defendant disputes**. The material cited in the footnote states "It's On Us was founded in September 2014 as an initiative of the Obama-Biden White House. The program launched following recommendations *from the White House Joint Task Force to Prevent Sexual*

---

[2] IT'S ON US (2019), https://www.itsonus.org.

*Assault*…" ["The Story of Our Movement," available at https://www.itsonus.org/history/ (emphasis added).] There is no support for Plaintiff's contention that this movement was promoted by the White House Council on Women and Girls. However, this dispute is **not material**, as statements from a third-party website do not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

8.     'The Hunting Ground' is a film that presents multiple female students who allege they were sexually assaulted at their college campuses and claim that their college administrators either ignored them or required that they navigate a complex academic bureaucracy to have their claims addressed.[3] According to its website, the film is "ingeniously employing Title IX legal strategy to fight back and sharing [female subject's] knowledge among a growing, unstoppable network of *young women* who will no longer be silent [emphasis added]."[4]

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Defendant further objects to the proposed fact because the material ostensibly cited to support the proposed fact is not admissible evidence; the material cited in the footnote, purportedly in support of the proposed fact, is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the material in the footnote has not been properly authenticated. *See* Fed. R. Evid. 901(a).

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material

---

[3] *The Hunting Ground* (2019), http://thehuntinggroundfilm.com.
[4] *The Hunting Ground: The Story* (2019), http://thehuntinggroundfilm.com/story/.

facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Defendant further objects to the proposed fact because the material ostensibly cited to support the proposed fact is not admissible evidence; the material cited in the footnote, purportedly in support of the proposed fact, is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the material in the footnote has not been properly authenticated. *See* Fed. R. Evid. 901(a). Subject to the objections and without waiving same, **Defendant disputes**. The material cited in the footnote does not indicate that the "film" employs anything – the website indicates that two survivors were employing Title IX. However, this dispute is **not material**, as statements from a third-party website made do not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

9.      On August 24, 2018, the University made a Resolution Agreement with the Department of Education's Office of Civil Rights (OCR).[5] [Ex. S (Dx 70)].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objection and without waiving same, Defendant does not dispute that the University entered into a Resolution Agreement with the Department of Education's Office of Civil Rights, which was effectuated on August 24,

---

[5] Office of Civil Rights (2018): "It is the mission of the Office for Civil Rights is to ensure equal access to education and to promote educational excellence throughout the nation through vigorous enforcement of civil rights." https://www2.ed.gov/about/offices/list/ocr/complaintintro.html.

2018.

**Defendant's Response (Part 2):** To the extent Plaintiff is attempting to introduce another proposed fact through the footnote to this proposed fact, Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Defendant further objects because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Finally, the material in the footnote has not been properly authenticated. *See* Fed. R. Evid. 901(a).

10. Before its investigation into the University, OCR made changes to its Title IX policies in response to strong criticism of the 2011 and 2014 Dear Colleague Letters, of which "although well intentioned… have led to the deprivation of rights for many students--- both accused students denied fair process and victims denied an adequate resolution of their complaints."[6]

**Defendant's Response:** Defendant objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Defendant further objects to the proposed fact because the material ostensibly cited to support the proposed fact is not admissible evidence; the material cited in the footnote, purportedly in support of the proposed fact, is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the material in the footnote has not

---

[6] United States Department of Education Office of Civil Rights, *Dear Colleague Letter*, (2017), https://www.cmu.edu/title-ix/colleague-title-ix-201709.pdf. PRDPMF¶ 149.

been properly authenticated. *See* Fed. R. Evid. 901(a).

11. Due to the OCR Resolution Agreement, and the other pressures previously discussed, the University put new policies into place on October 18, 2018.

**Defendant's Response:** Defendant objects to the proposed fact because Plaintiff failed to cite any admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii).

12. After being informed by the University that he was accused of violating the University's Code of Conduct regarding sexual assault, the University conducted an investigation into the allegations. [Ex. B (Dx 1) at DEF002666].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802.

13. The initial investigation was led by Paul Krikau ("Krikau") and Dee Harmsen ("Harmsen"), both of whom are on the Title IX Campus SaVE committee at the University. [Exs. OO, M; (Dx 63, 85)]

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute.

14. The investigation lasted approximately six weeks. [Ex. H (Dx. 2) at DEF002587; Ex. M (Dx. 85)].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and

inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute.

15.     Doe appealed the decision by the University. [Ex. C (Dx 3); Ex. RR ¶ 22].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. The only admissible evidence cited to support this proposed fact – Plaintiff's affidavit – does not relate to Plaintiff's appeal of the University's decision.

16.     In his appeal, Doe emphasized: the biased investigation, including Krikau's bias, that the investigators were not neutral, and that the "Findings Letter" was biased; denial of properly trained advocate; appeal deadline not properly explained; improperly changed policies during the investigation state of his case; denial of access to Doe's interview; material misstatements in the "Findings Letter"; that the "Investigative Report" and "Findings Letter" erroneously equate memory loss with incapacitation; new evidence, including a photograph of the night in question; and that the sanctions imposed are substantially outside the parameters or guidelines set by the University for this type of offense. [Ex. C (Dx 3)].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that Doe made these claims in his appeal. Defendant disputes that Doe's claims are accurate, as Doe cites no admissible evidence in support of his claims.

17.     On December 7, 2018, Doe received a letter from the University, informing him

13

that his appeal had been granted on the grounds that there "was a procedural error that may have substantially altered the findings of the case." [Ex. D (Dx 7) at DEF000228].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute.

18.     The was [*sic*] investigation was reopened and notably began and ended on the same date, December 12, 2018 – *i.e.* the decision to sanction Doe again was made on the same date the investigation began. [Ex. Q (Dx 9) at DEF000359-6].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Further, the cited hearsay evidence does not support the proposed fact, as it does not indicate when the investigation was reopened and concluded. Subject to the objections and without waiving same, Defendant does not dispute that the investigators reviewed the investigation materials on December 12, 2018.

The investigation was remanded after the appeal decision was issued on December 7, 2018. [Doc. 33 (36:19-21).] Sabrina Johnson emailed the parties a copy of the decision that same day (December 7, 2018) and advised that they could review and respond to the missing November 5, 2018 transcript after it was produced. [Second Johnson Declaration (Dkt. 47), ¶¶ 5-6.] On December 10, 2018, Sabrina Johnson emailed the parties advising that the transcript had been produced and that the parties had 24 hours to respond to the transcript if desired. [Dkt. 47, ¶ 7.] On December 11, 2018, Ms. Johnson advised the parties that Ms. Candee and Dr. Krikau would

serve as the investigators on the second investigation and that the investigation into the issue on remand would begin on December 12, 2018. [Dkt. 47, ¶ 8.] Plaintiff provided a response to his November 5, 2018 interview on December 11, 2018. [Dkt. 47, ¶ 9.] Dr. Krikau and Ms. Candee reviewed the transcript of the November 5, 2018, interview and Plaintiff's response. [Dkt. 34, 128:5-8; 128:16-20.] Ultimately, the investigators concluded that the rationale for the first findings letter was based upon Plaintiff's admission from the November 5, 2018, interview that, the day after the alleged assault, Plaintiff asked the complainant "what do you remember from the night before?" [Dkt. 33, 64:3-10.] In the second findings letter, the investigators found that a written transcript of the November 5, 2018, interview regarding the conversation between Plaintiff and the complainant was not substantively different than the audio recording that the investigators had previously relied upon. [Dkt. 33, 64:11-15.] Therefore, the investigators concluded that the written transcript of the November 5, 2018, interview did not alter their decision that John Doe was responsible for sexual misconduct. [Dkt. 33, 64:11-15.]

The only admissible evidence demonstrates that Plaintiff's proposed fact is incorrect, and Plaintiff has offered no admissible evidence to support its position. As such, there is no genuine issue of material fact.

19. Kathleen Candee is the Vice President for Student Engagement and serves as the Title IX Coordinator at the University. She has been in this role for seven years. [Dkt. 34, 13:1-7.]

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Subject to the objection and without waiving same, Defendant does not dispute.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendant does not dispute.

20. In the second investigation of Doe's case, Candee reviewed and approved the original investigation and findings. [Dkt. 34, 128:1-20]

**Defendant's Response:** Defendant objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Specifically, the cited deposition testimony from the record does not discuss Candee's review or approval of the original investigation or findings.

21. Doe's objection to Candee as the new investigator was denied and Candee served as an investigator in the remand. [Ex. RR, ¶ 22].

**Defendant's Response:** No dispute.

22. Notably, as the Title IX Coordinator, it was Investigator Candee who oversaw the implementation of the new Code of Conduct. [Dkt. 34:123:14-20].

**Defendant's Response:** Defendant objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). Specifically, the cited testimony demonstrates that Defendant's counsel objected to the form of the question asked by Plaintiff's counsel. Pursuant to Fed. R. Civ. Pro. 32(b) and 30(c)(2), Defendants object to the admissibility of the cited testimony.

23. When the investigation was reopened, Doe and Roe were able to comment on the transcript of Doe's third interview. [Ex. Q (Dx 9) at DEF000359-61]. Doe submitted comments. *Id*. Roe did not. *Id*.

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to

conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). The cited evidence does not support the proposed fact. Subject to the objections and without waiving same, Defendant does not dispute.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). The cited evidence does not support the proposed fact. Subject to the objections and without waiving same, Defendant does not dispute.

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because Plaintiff failed to cite admissible evidence in the record to support the proposed fact. *See* Fed. R. Civ. P. 56(c)(1)(A); Civil L. R. 56(b)(2)(B)(ii). The cited evidence does not support the proposed fact. Subject to the objections and without waiving same, Defendant does not dispute.

24.    Doe's statement relating to his third interview made clear that: during the interview he was searching for text messages between him and Roe; Doe only asked her "what do you remember about last night" after she alluded to not remembering the night well; he "never suspected she would have memory loss or that she had too much to drink, or was incapacitated"; he "had no reason to believe she would not remember everything from the night before" and was "surprised"; he was "not hiding anything because" he did not "commit[] sexual misconduct"; he

did not know what she drank that night; Roe made her own drink; he "never saw anything that would lead [him] to believe that [Roe] was incapacitated." [Ex. GG; Ex. RR ¶¶ 8, 11].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff stated in his response to the November 5, 2019 interview that he was searching for text messages during his interview.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview that he only asked the Complainant "what do you remember about last night" after she alluded to not remembering the night well.

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview

that he "never suspected [Complainant] would have memory loss or that she had too much to drink, or was incapacitated."

**Defendant's Response (Part 4):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview that he "had no reason to believe she would not remember everything from the night before" and was "surprised."

**Defendant's Response (Part 5):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview that he was "not hiding anything because" he did not "commit[] sexual misconduct."

**Defendant's Response (Part 6):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview

that he did not know what the Complainant drank that night.

**Defendant's Response (Part 7):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview that Roe made her own drink.

**Defendant's Response (Part 8):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, no dispute that Plaintiff claimed in his response to the November 5, 2019 interview that he "never saw anything that would lead [him] to believe that [Roe] was incapacitated."

25. At a Title IX training presentation, Fitzpatrick took notes on the slides, including a note that stated: "too much appeals process is dangerous." [Ex. II; Dkt. 36, 45:18-24].

**Defendant's Response:** Defendant does not dispute that Fitzpatrick took notes during a presentation which included, among other things, "too much appeal and process is dangerous," and affirmatively alleges that the note was something that the presenter either said or alluded to during his presentation. [Dkt. 36 (45:25-46:4.]

26. The University provided a chart showing the Title IX investigations from 2013-2019. [Ex. EE at DEF001068-69]. The chart indicates there have been sixty-six Title IX reports in

that time period. [*Id.*]. There were seven reports in 2013-14 school year; five in 2014-15; three in 2015-16; five in 2016-17; nineteen in 2017-18; and twenty-six so far in 2018-19. [*Id.*]. Eight reports involved male reporters. [*Id.*].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the University produced a chart showing Title IX investigations from 2013-2019.

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were sixty-six Title IX reports from 2013 through May 2019.

**Defendant's Response (Part 3):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were seven Title IX

reports in the 2013-2014 school year.

**Defendant's Response (Part 4):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were five Title IX reports in the 2014-2015 school year.

**Defendant's Response (Part 5):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were three Title IX reports in the 2015-2016 school year.

**Defendant's Response (Part 6):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant affirmatively alleges that the chart indicates that there were six (not five as stated by Plaintiff) Title IX reports in the 2016-2017 school year.

**Defendant's Response (Part 7):** Defendant objects to the proposed fact because it fails to

conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were nineteen Title IX reports in the 2017-2018 school year.

**Defendant's Response (Part 8):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant does not dispute that the chart indicates that there were twenty-six Title IX reports in the 2018-2019 school year.

**Defendant's Response (Part 9):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Defendant further objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objections and without waiving same, Defendant affirmatively alleges that the chart indicates that there were nine (not eight as stated by Plaintiff) Title IX reports made by male reporters.

27.     On appeal, the investigation's findings and sanctions are presumed to have been decided reasonably and appropriately. [Ex. G (Dx 13) at DEF000488].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited

to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objection and without waiving same, Defendant does not dispute.

28. The University's 2018 Policy does not afford hearings for violations of the Student Code of Conduct. [Ex. A (Dx 66)].

**Defendant's Response:** Defendant objects to the proposed fact because the material cited to support the proposed fact is not admissible evidence; the material cited is hearsay and inadmissible. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 801(c); Fed. R. Evid. 802. Subject to the objection and without waiving same, Defendant does not dispute.

29. Ever since Candee became Title IX coordinator, the University has not held a hearing in approximately seven years. [Dkt. 34, 31:3-15]. Thus, while the 2017 Policy mandated a hearing, or at least included it as an optional course depending on the facts, the University actually did even allow for the option of a hearing for approximately seven years [*Id.*; DPMF, ¶ 41].

**Defendant's Response (Part 1):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, Defendant does not dispute that the last time the University held a hearing on a Title IX complaint was in fall 2013. [Doc. 30 (57:1-9).]

**Defendant's Response (Part 2):** Defendant objects to the proposed fact because it fails to conform to Civil L. R. 56(b)(2)(B)(ii), in that the paragraph contains multiple proposed material facts. Subject to the objection and without waiving same, **Defendant disputes**. The 2017 Policy did not mandate a hearing, which Plaintiff acknowledged. [Dkt. 33, 73:4-14.]

24

Dated this 29th day of November 2019.

AXLEY BRYNELSON, LLP


*Electronically signed by Danielle Baudhuin Tierney*
Lori M. Lubinsky (SBN 1027575)
Danielle Baudhuin Tierney (SBN 1096371)
Attorney for Defendant Marian University
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
llubinsky@axley.com
dtierney@axley.com