UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOHN DOE,

        Plaintiff,

   v.                                    Case No. 2:19-cv-00388-JPS

MARIAN UNIVERSITY,

        Defendant.

## DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED MATERIAL FACTS

Defendant Marian University ("Marian") submits these objections and motion to strike portions of Plaintiff's Response to Defendant's Proposed Material Facts [Dkt. 45] or, alternatively, for leave to file a Reply in Support of Defendant's Proposed Material Facts. The grounds for this motion are as follows:

1.      In support of its Motion for Summary Judgment, Marian filed Defendant's Proposed Findings of Fact, which provided the factual and evidentiary basis for Marian's Motion for Summary Judgment. [Dkt. 40.] The Proposed Findings of Fact, which contained 150 single proposed facts, was less than 18 full pages, including caption and signature block. [Dkt. 40.] Each proposed fact was a single sentence which relied on admissible evidence for support. [*See, generally*, Dkt. 40; Dkt. 45 (Plaintiff's response to Dkt. 40, which contained no objections to the evidence relied upon).]

2.      As part of its opposition to Marian's Motion for Summary Judgment, Plaintiff filed a behemoth 71-page response to Marian's Proposed Findings of Fact. [Dkt. 45.] Plaintiff repeatedly responded to Marian's single-sentence proposed facts with multi-page arguments in

clear disregard of this Court's requirement that Plaintiff's response be "concise." Civil L. R. 56(b)(2)(B). [*See, e.g.*, Dkt. 45, pp. 3-4 (Response to PFOF No. 9); pp. 10-12 (Response to PFOF No. 32); pp. 12-13 (Response to PFOF No. 35); pp. 14-15 (Response to PFOF No. 37); pp. 19-20 (Response to PFOF No. 48).] Additionally, Plaintiff often cited inadmissible evidence in an attempt to support his responses in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c), and Fed. R. Evid. 802. At times, Plaintiff also failed to cite any evidence at all in support of its responses, in violation of Fed. R. Civ. P. 56(e).

3.      Further still, Plaintiff repeatedly attempted to change his deposition testimony by acknowledging that he admitted a number of facts during his deposition and then attempting to dispute what Plaintiff admitted to. For example, Marian proposed the following fact in support of its Motion for Summary Judgment:

- PFOF No. 9: During the meeting with John Doe, Dr. Krikau explained the process Marian University would follow for the investigation into the allegations against John Doe. [Dkt. 33 (7:1-7).]

[Dkt. 40, PFOF No. 9.] In response to that proposed fact, which mirrored John Doe's express admission,[1] John Doe provided (in relevant part) the following:

- Undisputed that Doe answered "yes" when asked this question in his deposition. Disputed as to whether the investigation process was indeed adequately and clearly explained. …

---

[1] Ms. Tierney: "Do you recall what happened during that meeting?"
John Doe: "They notified me of the investigation and the alleged accusations in front of me and kind of explained the process of what was going to happen in said investigation."
Ms. Tierney: "*So they did explain the process by which they would be following for the investigation*?"
John Doe: "*Yes*."
[Dkt. 33 (7:1-7; emphasis added).]

Case 2:19-cv-00388-JPS   Filed 11/29/19   Page 2 of 53   Document 49

Despite Doe answering "yes" in his deposition as to whether the investigation process was explained to him, the transcript states otherwise. …

Further, it is disputed as to whether this process was adequately followed in an impartial manner relating to Doe. …

[Dkt. 45 (Plaintiff's Response to PFOF No. 9).] Not only do a number of these sham responses rely on hearsay evidence which is inadmissible, they are largely non-responsive. Further, these responses attempt to create disputed facts by trying to "undo" Plaintiff's clear admissions from his deposition testimony. Plaintiff tried to circumvent his admissions by acknowledging his admission from his deposition and then explaining how, based on his view of the information in the record, his admission was incorrect.

4.    Plaintiff's attempts to essentially retract his admissions should be barred by the same principle underlying the prohibition against sham affidavits. A sham affidavit is an affidavit which contracts prior sworn testimony when presented to the Court for the purpose of defeating summary judgment. *See Maloney v. Central Aviation, Inc.,* 450 F.Supp.2d 905, 913 (W.D. Wis. 2006) (citations omitted); *U.S. v. Funds in Amount of One Hundred Thousand One Hundred and Twenty Dollars ($100,120.00)*, 730 F.3d 711, 718 (7th Cir. 2013) ("Specifically, we do not allow litigants to manufacture material fact questions by affidavit testimony that contradicts prior sworn testimony.") The sham affidavit rule is "designed to avoid sham factual issues and prevent parties from taking back concessions that later prove ill-advised." *McCann v. Iroquois Memorial Hosp.*, 622 F.3d 745, 751 (7th Cir. 2010) (citations omitted).

5.    Like a sham affidavit, Plaintiff attempted to change his deposition testimony by providing his interpretation of the evidence which contradicts his own testimony. Plaintiff's contradictory narration is merely a sham affidavit in disguise and frustrates the fundamental

purpose of summary judgment. *See Adelman-Tremblay v. Jewel Companies, Inc.*, 859 F.2d 517, 521 (7th Cir. 1988) ("The purpose of summary judgment motions – 'to weed out unfounded claims, specious denials, and sham defenses' – is served by a rule that prevents a party from creating issues of credibility by allowing one of its witnesses to contradict his own prior testimony." (internal and external citations omitted)). Allowing Plaintiff an opportunity to craft new responses by presenting his new interpretation of events to contradict his sworn deposition testimony would be, in essence, permitting a sham affidavit. Based on the fundamental principles outlined above, his sham attempts to contradict sworn testimony must be stricken.

6.  Additionally, Plaintiff asserted attorney-client privilege and refused to answer questions in his deposition regarding what evidence he had to support various elements of his claims. [*See, e.g.*, Dkt. 33 (52:23-54:6 (refusing to answer regarding evidence to support his allegation that appeal panel came to their decision because of his gender); 55:6-56:8 (refusing to answer regarding evidence that Dr. Fitzpatrick's alleged bias, as asserted by Plaintiff, impacted his appeal decision); 69:2-70:5 (refusing to answer regarding evidence to support his allegation that he was denied a hearing because he was male); 74:18-75:4 (refusing to answer regarding evidence that the second appeal panel came to their decision because of his gender); 90:14-91:25 (refusing to answer regarding evidence to support his contention that political movements, campus events, and a prior OCR investigation impacted Plaintiff's particular investigation).] Marian subsequently cited these failures to respond in support of its Proposed Findings of Fact, proposing the facts that Plaintiff lacked evidence to support the various aspects of his claims. [*See, e.g.*, Dkt. 40 (PFOF Nos. 32; 77; 78; 92; 108; 123).] For example, Marian proposed the following fact in support of its Motion for Summary Judgment:

- PFOF No. 32: Plaintiff has no evidence that the University policies regarding student conduct were utilized differently or negatively against Plaintiff because he was a male. [Dkt. 33 (93:10-15; 94:2-13).]

[Dkt. 40, PFOF No. 32.] In response to this proposed fact, which cited John Doe's sworn testimony that he had no evidence that he could disclose that was not protected by attorney-client privilege,[2] John Doe responded (in relevant part) the following:

- Disputed. Doe did not claim to not have any evidence; rather, he refused to answer this question due to the attorney-client privilege. Thus, a conclusion that he lacked evidence regarding this matter is an inaccurate and incomplete depiction of what Doe said. Further, it is unclear about which policy was applied to Doe's case throughout the investigation… Additionally, Doe has evidence of bias, …

Dkt. 45 (Plaintiff's Response to PFOF No. 32; internal docket cites omitted).] Plaintiff's new response to Marian's proposed fact, which is obviously completely different than his blanket refusal to answer during his deposition, is a blatant attempt to misuse the attorney-client privilege to create disputed facts.

7.     Plaintiff should not be permitted to rely on his "newly found" evidence, which he refused to disclose during his deposition, in order to create a disputed material fact based on the

---

[2] Ms. Tierney: "Do you have any factual information, personal knowledge, or evidence that the policies that were implemented were, I don't know, used in a harsher manner against you because you were a male?"
John Doe: "I cannot answer that due to attorney/client privilege."
[Dkt. 33 (93:10-15).]

Ms. Tierney: "What evidence do you have that supports your contention that the policies and procedures were applied differently in this case because of gender?"
John Doe: "That was enclosed in my complaint."
Ms. Tierney: "I'm asking for your narration of that right now."
Mr. Binnall: "You can answer, other than any information you learned from your lawyers, that you only knew because your lawyers told you the answer."
John Doe: "I cannot answer due to being told by my lawyers."
[Dkt. 33 (94:2-13).]

principles underlying privilege and fundamental fairness. Courts have consistently rejected the idea that privilege can be used as both a sword and a shield; privilege cannot be used to shield information while simultaneously being used as sword to reduce the burden of proof necessary to establish a claim. *See, e.g.*, *United States v. Rylander*, 460 U.S. 752, 758, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983); *In re Sterling-Harris Ford, Inc.*, 315 F.2d 277, 279 (7th Cir. 1963); *Heaney v. Associated Bank, N.A.*,[3] 1990 WL 446707, at *28 (E.D. Wis. July 11, 1990).[4]

8. Similar to Plaintiff's attempts to undo his admissions from his deposition testimony, Plaintiff now seeks to circumvent his refusal to disclose facts on privilege grounds by providing new information. This is unfairly prejudicial to Defendant; in support of its motion, Defendant relied on Plaintiff's statements that Plaintiff had no evidence or factual support for his claims other than what he was told by his lawyer. Blackletter privilege law is clear that, although a party may refuse to disclose their communications with their counsel, they cannot withhold facts under an assertion of privilege:

> The protection of the privilege extends only to ***communications*** and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' ***but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney***.

*Upjohn Co. v. U.S.*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L.Ed.2d 584 (1981) (quoting *City of Philadelphia, PA v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962); first emphasis in original; second emphasis added). At his deposition, Plaintiff had no facts to provide

---

[3] Pursuant to Civil L. R. 7(j)(2), a copy of this opinion has been filed with the Court.

[4] "The defendants offer strong arguments that plaintiff uses the marital communications privilege as both a shield and a sword. Plaintiff has brought this suit, and must prove the requisite elements of her alleged causes of action. But she also asserts the marital communication privilege to shield possibly 'bad facts' in order to prevail on her claims. A privilege invoked in this instance could easily prejudice the defendants, as the truth-seeking function of a trial is retarded if evidence shows that she might have imparted to her husband financial and other important information concerning the investment at issue. Courts have recognized this situation and refused to allow the invocation of a privilege in such an instance."

- only communications with his attorney for which he invoked privilege. Now, he suddenly claims to have factual information to support his claims. This tactic mirrors a sham affidavit, in that Plaintiff previously testified that he had no personal knowledge, facts, or evidence to support his claims (which are not be privileged under *Upjohn*) and now, in opposition to summary judgment, he changed his tune to provide facts in opposition to the motion. This trite tactic has been criticized and prohibited by the Seventh Circuit. *See, e.g.*, *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 689 (7th Cir. 2008) (plaintiff was precluded from introducing additional information in affidavit when topic was discussed at deposition and she did not disclose the information; allowing the affidavit would "have the same effect as would allowing directly conflicting testimony"); *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293 (7th Cir. 1996) (court upheld decision to strike affidavit which contained additional information not disclosed in deposition; "[t]he concern in litigation, of course, is that a party will first admit no knowledge of a fact but will later come up with a specific recollection that would override the earlier admission."). The same reasoning applies here and Plaintiff should be precluded from attempting to retract his deposition statements wherein he stated he lacked certain evidence supporting his claims.

9.      Pursuant to Fed. R. Civ. Pro. 56(c)(2), a party is permitted to object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

10.     A party may move to strike summary judgment materials which are "devoid of merit, unworthy of consideration, and unduly prejudicial." *Singer v. Frank*, 2007 WL 2220209, at * 1 (E.D. Wis. 2007)[5] (quoting *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F.Supp.2d 979, 982 (N.D. Ill. 2003)). "When attacking false or sham allegations, the more conventional

---

[5] Pursuant to Civil L. R. 7(j)(2), a copy of this opinion has been filed with the Court.

practice is to employ a motion to strike." *Tilden v. Pate*, 390 F.2d 614, 615 n. 1 (7th Cir. 1968) (citations omitted).

11.     A court has discretion to permit the filing of additional briefing materials, such as a sur-reply. *Pulliam v. Zimmer, Inc.*, 17 Fed.Appx. 456, 460 (7th Cir. 2001) (citing *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir.1999); *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1163–64 (10th Cir.1998)); *see also Meraz-Camacho v. United States*, 417 Fed.Appx. 558, 559 (7th Cir. 2011) (citations omitted). Additional briefing materials should be allowed for valid reasons, such as when a movant raises a new argument in a reply brief or when it is necessary to provide the court with all relevant information to make an informed decision. *Meraz-Camacho*, 417 Fed. Appx. at 559; *Hatch v. Brillion School District*, 2018 WL 3349004, at *6 (E.D. Wis. 2018) (quoting *Univ. Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill 2014)).

12.     Defendant alternatively requests that the Court allow a reply to Plaintiff's responses to Defendant's Proposed Facts [Dkt. 45], given that many of Plaintiff's responses are inaccurate or incomplete, thus violating the rule of completeness. Defendant asserts that the Court would greatly benefit from a concise reply from Defendant which notes where Plaintiff's response is deficient or inaccurate.

13.     Defendant objects that the following responses are not supported by admissible evidence and/or moves for the following responses to be stricken for the reasons included herein[6]:

    a.  **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 6.

---

[6] The objections and motions to strike are organized as follows: First, Marian identifies whether it is objecting to the response, moving to strike the response, or objecting and moving to strike. Second, Marian identifies which of Plaintiff's responses it is addressing. Third, Marian identifies the grounds upon which the objection or motion is premised.

i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact addressed the content of Jane Roe's allegation, while Plaintiff's response attempts to address the truth of her allegation. [*See* Dkt. 45, PFOF No. 6.]

ii.  The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. W [Dkt. 43-23]; Ex. B [Dkt. 43-2]; Ex. N [Dkt. 43-14]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

b.  **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 9.

i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 9; Dkt. 33 (7:1-7).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii.  The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. C [Dkt. 43-3]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

c. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 11.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 11.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 11; Dkt. 33 (7:17-20).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. All evidence cited in Plaintiff's response is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

d. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 12.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address

whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 12.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 12; Dkt. 33 (7:21-24).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

e. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 13.

   i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 13.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 13; Dkt. 33 (7:25-8:2).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

   ii. All evidence cited in Plaintiff's response is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**f.** <u>**Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:**</u> Plaintiff's response to Marian's PFOF No. 14.

   i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 14.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 14; Dkt. 33 (8:3-5).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

   ii. All evidence cited in Plaintiff's response, with the exception of Exhibit B [Dkt. 43-3], is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**g.** <u>**Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:**</u> Plaintiff's response to Marian's PFOF No. 18.

   i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No.

18.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 18; Dkt. 33 (9:10-18).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. All evidence cited in Plaintiff's response (through his cross-reference to his response to PFOF No. 14), with the exception of Exhibit B [Dkt. 43-3], is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

h. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 19.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 19.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 19; Dkt. 33 (9:19-23).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

i. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 21.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that Dr. Krikau explained the appeal process to John Doe, while John Doe's response attempted to address whether the process was subsequently followed. [*See* Dkt. 45, PFOF No. 21.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 21; Dkt. 33 (10:3-4).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**j. <u>Motion to strike:</u>** Plaintiff's response to Marian's PFOF No. 32.

    i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that the policies regarding student conduct were utilized different or negatively against Plaintiff ***because he was a male***, as was stated in the proposed fact. [Dkt. 45, PFOF No. 32.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 32; Dkt. 33 (93:10-15; 94:2-13).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

**k.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:**
Plaintiff's response to Marian's PFOF No. 34.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation and appeal process to John Doe, while John Doe's response attempted to address whether that process was subsequently followed. [*See* Dkt. 45, PFOF No. 34.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 34; Dkt. 33 (11:12-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**l.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 35.

    i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

    ii. The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 35; Dkt. 33 (13:21-24).] To attempt to circumvent his

admission, Plaintiff misrepresented his statements from this deposition testimony in his response; he cited his lack of knowledge *before* Defendant's counsel had Plaintiff review documentation regarding the question. [*See* Dkt. 33 (12:7-13:24).] After he reviewed the transcripts of his initial conversation with Defendant's employees, as well as the transcript of Jane Roe's intake, Plaintiff admitted that the investigation and appeal process were explained to him the same way that it was explained to Jane Roe, as identified by Defendant. [Dkt. 33 (13:21-24).] Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

m. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 36.

    i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 36.]

n. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 37.

    i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

**o. Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 38.

    i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

**p. Motion to strike:** Plaintiff's response to Marian's PFOF No. 39.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated how Dr. Krikau explained the investigation process to John Doe, while John Doe's response attempted to address whether the process explained was correct. [*See* Dkt. 45, PFOF No. 39.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 12; Dkt. 39 (11:25-12:3).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**q. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 43.

    i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 43; Dkt. 33 (73:4-14).] To attempt to circumvent his admission, Plaintiff misrepresents his own sworn deposition testimony in his response; he cited his lack of knowledge ***before*** Defendant's counsel had Plaintiff review documentation regarding the question. [*See* Dkt. 33 (72:13-73:14).] After he reviewed relevant documentation, he then admitted that 2017 Policy does not require a hearing, as identified by Defendant in the proposed fact. [Dkt. 33 (72:13-73:14).] Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

r. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 44.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that two aspects of the policy change did not impact Plaintiff's investigation, while John Doe's response attempted discuss how the policy change occurred and how ***other*** aspects of the policy changes allegedly impacted his investigation. [*See* Dkt. 45, PFOF No. 44.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 44; Dkt. 33 (102:13-14).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii.  The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. S [Dkt. 43-19]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii.  Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

s.  **Motion to strike:** Plaintiff's response to Marian's PFOF No. 45.

i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 45; Dkt. 33 (104:9-20).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

t.  **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 48.

i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e).

ii.  All evidence cited in Plaintiff's response, with the exception of Dkt. 30 and Dkt. 32, is inadmissible hearsay. As such, Plaintiff failed to cite admissible

evidence to support his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**u.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 49.

    i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e).

    ii.  All evidence cited in Plaintiff's response, with the exception of Dkt. 30, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**v.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 50.

    i.  Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that the parties engaged in sexual intercourse and that they both understood the next morning that Jane Roe was incapacitated. [Dkt. 40, PFOF No. 50.] John Doe's response attempted to address whether he knew Jane Roe was incapacitated before he engaged in sexual intercourse with her, which was not part of the proposed fact. [*See* Dkt. 45, PFOF No. 50.]

    ii.  All evidence cited in Plaintiff's response, with the exception of Ex. RR [Dkt. 43-44], is inadmissible hearsay. As such, Plaintiff failed to cite

admissible evidence to support his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

w. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 51.

    i.   Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact explained the question that Marian investigators were tasked to answer during the investigation. [Dkt. 40, PFOF No. 51.] John Doe's response attempted to address whether the question was answered and whether it was answered with bias. [*See* Dkt. 45, PFOF No. 51.]

    ii.  Plaintiff has provided no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

x. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 54.

    i.   Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that Plaintiff was not denied an opportunity to present evidence or call witnesses, while John Doe's response attempted to question whether Marian investigators should have done additional independent investigation. [*See* Dkt. 45, PFOF No. 54.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No.

54; Dkt. 33 (18:14-22; 20:12-25).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. All evidence cited in Plaintiff's response (through his cross-reference to his response to PFOF No. 48), with the exception of Dkt. 30 and Dkt. 32, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

y. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 55.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that Marian investigators met with John Doe's named witness twice, while John Doe's response attempted to question whether the investigators believed his witness. [*See* Dkt. 45, PFOF No. 55.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 55; Dkt. 33 (15:13-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case

22

law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. M [Dkt. 43-13]. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**z.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 56.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that Marian investigators met with three witnesses identified by Jane Roe, while John Doe's response attempted to address whether the investigators should have spoken with additional individuals who were not named witnesses. [*See* Dkt. 45, PFOF No. 56.]

    ii. All evidence cited in Plaintiff's response, with the exception of Dkt. 30 and Dkt. 32, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**aa.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 57.

      i.   Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that Marian investigators met with additional individuals, while John Doe's response attempted to address whether the investigators should have spoken with other individuals, which was not part of the proposed fact. [*See* Dkt. 45, PFOF No. 57.]

      ii.   The following evidence exhibits in Plaintiff's response is inadmissible hearsay: Ex. M [Dkt. 43-13]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**bb. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 60.

      i.   Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**cc. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 61.

      i.   Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that John Doe took advantage of the process afforded to him, while John Doe's response attempted to address whether Marian investigators took note of his actions. [*See* Dkt. 45, PFOF No. 61.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 61; Dkt. 33 (21:10-19).] Plaintiff tried to circumvent his

admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. All evidence cited in Plaintiff's response is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

dd. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 62.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that John Doe took advantage of the process afforded to him, while John Doe's response attempted to address whether Marian investigators accepted his rebuttals as accurate. [*See* Dkt. 45, PFOF No. 62.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 62; Dkt. 33 (27:16-18; 40:14-21).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. All evidence cited in Plaintiff's response, with the exception Dkt. 33, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence

to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**ee.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 63.

   i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 63; Dkt. 33 (27:16-18; 40:14-21).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

   ii. All evidence cited in Plaintiff's response, with the exception Dr. Krikau's statement from Ex. B [Dkt. 43-2] and Dkt. 33, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**ff.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 65.

   i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated what John Doe told Marian investigators, while John Doe's answer attempted to explain the implications of his statement. [*See* Dkt. 45, PFOF No. 65.] The proposed fact mirrored Plaintiff's admission from his

deposition. [*See* Dkt. 45, PFOF No. 65; Dkt. 33 (30:23-31:1).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. All evidence cited in Plaintiff's response, excluding Ex. RR [Dkt. 43-44], is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support those aspects of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**gg. Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 66.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau or Ms. Harmsen's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 66.]

    ii. The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. K [Dkt. 43-11]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**hh. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 68.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 68.]

ii. The following evidence cited in support of Plaintiff's response is wholly inapposite and does not support the response: Dkt. 30 (17:16-22[7]); Dkt. 30 (178:16[8]). Additionally, the following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. K [Dkt. 43-11]; Ex. M [Dkt. 43-13]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

ii. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 69.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau's testimony,

---

[7] Mr. Binnall: Okay. And was that published?
Dr. Krikau: Yeah, I mean, they all have to be, I think.
Mr. Binnall: Right.
Dr. Krikau: So yeah, you could look it up on -- what is it? I think you can find it on Google. If you put my name on here and say, "dissertation," think it will come up. I don't know that you'll be able to read it. I
**[End of cited text.]**
[8] Dr. Krikau: responded that his first reaction the next morning
**[End of cited text.]**

other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 69.]

    ii. The following evidence cited in Plaintiff's response is inadmissible hearsay: Ex. K [Dkt. 43-11]; Ex. GG [Dkt. 43-33]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**jj.** **Motion to strike:** Plaintiff's response to Marian's PFOF No. 70.

    i. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 70; Dkt. 33 (23:3-11).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**kk.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 71.

    i. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 71; Dkt. 33 (23:3-11).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the

evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. H [Dkt. 43-8]; Ex. N [Dkt. 43-14]; Ex. O [Dkt. 43-15]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**ll. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:**

Plaintiff's response to Marian's PFOF No. 72.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that John Doe did not inquire about certain pieces of evidence, while John Doe's response attempted to explain why did not inquire. [Dkt. 45, PFOF No. 72.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 72; Dkt. 33 (23:12-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**mm.**     **<u>Objection pursuant to Fed. R. Civ. P. 56(c)(2):</u>** Plaintiff's response to

Marian's PFOF No. 73.

  i.   Plaintiff's response excluding the first sentence is non-responsive to the
       proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P.
       56(e). The proposed fact stated that Dr. Krikau and Harmsen discussed their
       investigation and findings before coming to a decision, while John Doe's
       response attempted to undermine the nature of their discussions with
       specious assertions. [Dkt. 45, PFOF No. 73.] Plaintiff has provided no
       evidence to rebut Dr. Krikau or Ms. Harmsen's testimony, other than
       unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e)
       and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 73.]

**nn.** **<u>Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:</u>**

Plaintiff's response to Marian's PFOF No. 77.

  i.   The subsequent statements are non-responsive to the proposed fact, in
       violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The
       proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt.
       45, PFOF No. 77; Dkt. 33 (49:12-23).] Plaintiff tried to circumvent his
       admission by impermissibly attempting to disprove his admission through
       his interpretation of the evidence. Pursuant to the case law cited, *supra*, in
       Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

  ii.  The following evidence cited in support of Plaintiff's response is
       inadmissible hearsay: Ex. E [Dkt. 43-5]. As such, Plaintiff failed to cite

admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

oo. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 78.

i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that the investigation process used in his investigation was different *because he was a male*, as was stated in the proposed fact. [Dkt. 45, PFOF No. 78.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 78; Dkt. 33 (108:12-14).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

ii. All evidence cited in support of Plaintiff's response (including all evidence incorporated by the cross-reference to his response to PFOF No. 56), excluding Dkt. 30, Dkt. 32, and Dkt. 33, is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

      iii.   Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**pp. <u>Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:</u>** Plaintiff's response to Marian's PFOF No. 82.

      i.   Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 82; Dkt. 33 (26:2-8).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

      ii.   Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**qq. <u>Objection pursuant to Fed. R. Civ. P. 56(c)(2):</u>** Plaintiff's response to Marian's PFOF No. 89.

      i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Briggs' testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 89.]

**rr. <u>Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):</u>** Plaintiff's response to Marian's PFOF No. 90.

i. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

ss. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 91.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 91; Dkt. 33 (36:9-18).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

tt. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 92.

    i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 92; Dkt. 33 (91:8-25).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

uu. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 95.

i. Plaintiff's response excluding the first half of the first sentence contains no citation to any evidence in the record, in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

vv. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 100.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated that the "Statement on Consent" was not part of the 2017 Policy, while John Doe's response attempted to dispute which policy was used for the investigation. [*See* Dkt. 45, PFOF No. 100.]

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

ww. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 101.

i. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 101; Dkt. 33 (32:4-8).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

xx. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 103.

i. Plaintiff's response excluding the first sentence cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Briggs' testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 103.]

iii. Plaintiff's response excluding the first sentence contains no citation to any evidence in the record, in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

yy. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 104.

i. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. G [Dkt. 43-7]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

zz. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 105.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Fitzpatrick's

testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 105.]

aaa. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 108.

    i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that the appeal panel came to the decision that it did *because he was a male*, as was stated in the proposed fact. [Dkt. 45, PFOF No. 108.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 32; Dkt. 33 (93:10-15; 94:2-13).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

    ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

bbb. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 109.

    i. Plaintiff's response excluding the first half of the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 109; Dkt. 33 (56:5-8).]

Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

ccc. <u>**Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:**</u>
Plaintiff's response to Marian's PFOF No. 110.

i. Plaintiff's response excluding the first sentence cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 110; Dkt. 33 (60:6-12).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

iii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. Q [Dkt. 43-17]; Ex. D [Dkt. 43-4]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his

response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

ddd.     **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 113.

    i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Ms. Candee's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 113.]

    ii.   All evidence cited in support of Plaintiff's response is inadmissible hearsay. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii.   Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

eee.     **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 114.

    i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 114; Dkt. 33 (64:3-10).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his

interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

 ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**fff. <u>Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:</u>** Plaintiff's response to Marian's PFOF No. 115.

 i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 11; Dkt. 33 (64:11-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

 ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**ggg. <u>Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:</u>** Plaintiff's response to Marian's PFOF No. 116.

 i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 116; Dkt. 33 (64:11-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

iii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. Q [Dkt. 43-17]; Ex. D [Dkt. 43-4]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iv. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

hhh. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 119.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated what information Plaintiff had regarding the second appeal and who would sit on the appeal, while his response attempted to undermine the legitimacy of the second appeal panel. [Dkt. 45, PFOF 119.] The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 119; Dkt. 33 (64:22-65:15).] Plaintiff

tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

iii. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 123.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 123; Dkt. 33 (66:23-67:3).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

jjj. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 126.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 126; Dkt. 33 (67:25-68:7).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case

law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**kkk.**     **Motion to strike:** Plaintiff's response to Marian's PFOF No. 127.

i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 127; Dkt. 33 (68:1-11).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**lll.**   **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 128.

i.   The subsequent statements are non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 128; Dkt. 33 (68:12-22).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

ii.   The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. Q [Dkt. 43-17]; Ex. D [Dkt. 43-4]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his

response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**mmm.**    **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 130.

    i. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 130; Dkt. 33 (71:12-16).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**nnn.**    **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 131.

    i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Briggs' testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 131.]

**ooo.**    <u>**Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to**</u>

<u>**strike:**</u> Plaintiff's response to Marian's PFOF No. 133.

    i.    Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that appeal panel came to the decision that it did ***because he was a male***, as was stated in the proposed fact. [Dkt. 45, PFOF No. 133.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 133; Dkt. 33 (74:18-75:4).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

    ii.    The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. L [Dkt. 43-12]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii.    Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**ppp.**    <u>**Objection pursuant to Fed. R. Civ. P. 56(c)(2):**</u> Plaintiff's response to Marian's PFOF No. 135.

    i.    Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Ms. Candee's testimony,

other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 135.]

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. HH [Dkt. 43-34]; Ex. R [Dkt. 43-18]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

qqq. **Objection pursuant to Fed. R. Civ. P. 56(c)(2):** Plaintiff's response to Marian's PFOF No. 136.

i. The response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Ms. Candee's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 136.]

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. S [Dkt. 43-19]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

rrr. **Motion to strike:** Plaintiff's response to Marian's PFOF No. 137.

i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided

no evidence that the OCR investigation, the events on Marian University campus, and the political and policy movements throughout the United States directly impacted or changed his investigation or subsequent appeals, as was stated in the proposed fact. [Dkt. 45, PFOF No. 137.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 137; Dkt. 33 (90:14-91:1; 91:8-15).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

**sss.Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:**
Plaintiff's response to Marian's PFOF No. 138.

   i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that the political policy movements such as Me Too and It's On Us impacted his investigation or subsequent appeals, as was stated in the proposed fact. [Dkt. 45, PFOF No. 138.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 137; Dkt. 33 (90:14-91:1; 91:8-15).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Plaintiff also tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant

to the case law cited, *supra*, in Paragraphs 4, 5, 7 and 8, Plaintiff's response should be stricken.

    ii.   The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. U [Dkt. 43-21]; Ex. HH [Dkt. 43-34]; Ex. S [Dkt. 43-19]; Ex. II [Dkt. 43-45]; Ex. JJ [Dkt. 43-6]; and Dkt. 39-1, excluding Ms. Candee's statement. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii.   Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**ttt. Objection pursuant to Fed. R. Civ. P. 56(c)(2) and motion to strike:** Plaintiff's response to Marian's PFOF No. 139.

    i.   Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence that Ms. Candee's comment demonstrated a bias that directly impacted or changed Plaintiff's investigation or subsequent appeals, as was stated in the proposed fact. [Dkt. 45, PFOF No. 139.] The proposed fact mirrored Plaintiff's admission from his deposition that he had no evidence to support the stated contention. [*See* Dkt. 45, PFOF No. 139; Dkt. 33 (91:8-25).] Plaintiff tried to circumvent his admission by impermissibly providing new information, contrary to his deposition testimony. Pursuant to the case law cited, *supra*, in Paragraphs 7 and 8, Plaintiff's response should be stricken.

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Dkt. 39-1, excluding Ms. Candee's statement. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

**uuu.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 141.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 141.]

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. I, excluding Dr. Krikau's statements [Dkt. 43-9]; Ex. B [Dkt. 43-2]; Ex. MM [Dkt. 43-39]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**vvv.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 142.

i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided

no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 142.]

ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. S [Dkt. 43-19]; Ex. U [Dkt. 43-21]; Dkt. 39-1, excluding Ms. Candee's statements; Ex. II [Dkt. 43-35]; Ex. JJ [Dkt. 43-36]. As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

www. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 143.

i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Krikau's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 143.]

iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

xxx. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 144.

    i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 144; Dkt. 33 (127:23-128:24).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

    ii. The following evidence cited in support of Plaintiff's response is inadmissible hearsay: Ex. Q [Dkt. 43-17]; Ex. D [Dkt. 43-4.] As such, Plaintiff failed to cite admissible evidence to support certain portions of his response, in violation of Civil L. R. 56(b), Fed. R. Civ. P. 56(c)(2), and Fed. R. Evid. 802.

    iii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

yyy. **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e) and motion to strike:** Plaintiff's response to Marian's PFOF No. 145.

    i. Plaintiff's response cherry-picked portions of statements to attempt to rebut the proposed fact. The form in which Plaintiff attempted to present this

evidence is inadmissible pursuant to Fed. R. Civ. P. 56(c)(2), as it violates Fed. R. Evid. 106.

ii. The subsequent statements are non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact mirrored Plaintiff's admission from his deposition. [*See* Dkt. 45, PFOF No. 145; Dkt. 33 (109:16-21).] Plaintiff tried to circumvent his admission by impermissibly attempting to disprove his admission through his interpretation of the evidence. Pursuant to the case law cited, *supra*, in Paragraphs 4 and 5, Plaintiff's sham response should be stricken.

**zzz.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 148.

i. Plaintiff's response is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). Plaintiff has provided no evidence to rebut Dr. Fitzpatrick's testimony, other than unfettered speculation and hypothesis in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i). [Dkt. 45, PFOF No. 148.]

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**aaaa.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 149.

i. Plaintiff's response excluding the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated the content of Dr. Fitzpatrick's Tweet, while

Plaintiff's response attempted to discuss the implications of the Tweet. [Dkt. 45, PFOF 149.]

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

**bbbb.** **Objection pursuant to Fed. R. Civ. P. 56(c)(2) and 56(e):** Plaintiff's response to Marian's PFOF No. 145.

i. Plaintiff's response excluding the first half of the first sentence is non-responsive to the proposed fact, in violation of Civil L. R. 56(b)(2)(B)(i) and Fed. R. Civ. P. 56(e). The proposed fact stated the purpose of Dr. Fitzpatrick's Tweet, while Plaintiff's response attempted to undermine the content of the Tweet. [Dkt. 45, PFOF 150.]

ii. Portions of Plaintiff's response lack citations to a record in violation of Fed. R. Civ. P. 56(e) and Civil L. R. 56(b)(2)(B)(i).

Dated this 29th day of November, 2019.

AXLEY BRYNELSON, LLP


*Electronically signed by Danielle Baudhuin Tierney*
Lori M. Lubinsky (SBN 1027575)
Danielle Baudhuin Tierney (SBN 1096371)
Attorney for Defendant Marian University
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
llubinsky@axley.com
dtierney@axley.com