IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
(Milwaukee Division)

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>MARIAN UNIVERSITY,<br><br>    Defendant. | Civil Action No. 2:19-cv-00388-JPS |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS

Defendant raised a plethora of evidentiary objections in responding to Plaintiff's Proposed Additional Material Facts. Many of the objections failed to clearly state a legal basis; some of the objections were confusing as to exactly which exhibit or assertion was being challenged. Still other objections were of dubious legal basis, *e.g.*, objecting to documents it authored or the statements of its employees on hearsay grounds, even though those statements are pedagogical examples of party admissions or adoptive admissions. Fed. R. Evid. 801(d)(2).

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that *would be* admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). Critically, Defendant ignores that record items used to support or oppose summary judgment need not be admissible. Instead, the content or information discussed in the record must have an admissible vehicle at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986) ("The nonmoving party is not

1

required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Plaintiff's summary judgment opposition record meets this test: either the record items are themselves admissible or the material referred to in the record will be offered through an admissible vehicle. The objections should be overruled.

### Conciseness Objections

Defendant objects to PPMF 2, 3, 4, 5, 6, 7, 8, 9, 19, 23, 24, 26 and 29 because the paragraph contains multiple proposed material facts in violation of Civil L.R. 56(b)(2)(B)(ii). Civil L.R. 56(b)(2)(B)(ii) requires a "concise response to the moving party's statement of facts that must contain… a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment." Mariam Webster Dictionary defines "paragraph" as "a subdivision of a written composition that consists of one or more sentences." *Paragraph*, The Mariam Webster Dictionary, (11th ed. 2019). Plaintiff's paragraphs contain one material fact described in several concise sentences. This format complies with Local Rule 56.

### Objections to the Authentication of Internet Websites

Defendant objects to Plaintiff's use of websites in PPMF 7, 8, 9 and 10. Plaintiff offered five websites to provide context to the evidence he offered in support of his opposition to Defendant's motion for summary judgment, Two of the

websites are government websites.[1] Two others relate to a film's website (the film itself was also offered into evidence).[2] The last is the website for the "It's On Us" organization.[3] Federal Rule of Civil Procedure 56(c)(1)(A) is inclusive and broad when it lists what items can be included in the record supporting or opposing summary judgment, specifically allowing "other materials," to support an assertion of fact. Fed. R. Civ. P. 56(c)(1)(A).[4] Defendant failed to cite any authority suggesting that relevant information published on an Internet website would be an improper avenue for opposing summary judgment. Of course, website evidence may need to overcome authentication or hearsay hurdles. None of the websites at issue here, however, will be excluded on those or other grounds.

---

[1] *Office of Civil Rights (2018):* "It is the mission of the Office for Civil Rights is to ensure equal access to education and to promote educational excellence throughout the nation through vigorous enforcement of civil rights." https://www2.ed.gov/about/offices/list/ocr/complaintintro.html; and

United States Department of Education Office of Civil Rights, *Dear Colleague Letter*, (2017), https://www.cmu.edu/title-ix/colleague-title-ix-201709.pdf.

[2] *The Hunting Ground* (2019), http://thehuntinggroundfilm.com; and

*The Hunting Ground: The Story* (2019), http://thehuntinggroundfilm.com/story/.

[3] IT'S ON US (2019), https://www.itsonus.org.

[4] Plaintiff believes that the summary judgment record is already of sufficient volume that it is not necessary or helpful to further supplement the record with an appendix containing the websites he cited. Nonetheless, pursuant to the 2010 comments to Federal Rule of Civil Procedure 56(c)(1)(A), he is happy to prepare such an appendix if the Court believes that it would be helpful. Otherwise, he believes the websites in PPMF 7, 8, 9 and 10 are appropriate "other materials" to provide background information pursuant to Federal Rule of Civil Procedure 56(c)(1)(A).

Here, the websites at issue are not hearsay. The websites are not being offered to show the truth of the matter asserted; indeed, Plaintiff believes much of the material on those websites is false. Fed. R. Evid. 801(a)(1). Instead, the websites are probative of outside pressures that influenced and pressured investigators to act in favor of Roe and against Doe, because of gender. Doe does not believe it likely to be controversial that the websites at issue contained the relevant text; Defendant has not questioned the accuracy of the statements, only ambiguously objected to their admissibility. Nevertheless, at trial, Doe will be able to authenticate the websites.

Authentication is satisfied if the proponent produces evidence "sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901 "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence. *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). Here, the government websites are self-authenticating. *United States SEC v. Berrettini*, 2015 U.S. Dist. LEXIS 115963, *20 (N.D. Ill., Sept. 1, 2015).[5]

As for the remaining websites, "exhibits reflecting information from commercial websites must be authenticated by one of the methods allowed by Rule 901, including testimony from a witness with personal knowledge, expert testimony, or reference to distinctive characteristics." *Id.* at *20-21. Courts have authenticated

---

[5] Pursuant to Civil L.R. 7(j)(2), a copy of this decision has been filed as Exhibit 1 to this brief.

websites with "an affidavit of a witness, when viewed in combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they are." *Id.* at *21.

Here, Plaintiff will either offer a sponsoring witness to authenticate that the relevant text was published on the particular websites (as well as the URL, which was already offered to the Court) or move that the Court take judicial notice of the contents of the website. Fed. R. Evid. 201; *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Rule 201 and holding that a "court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"). Finally, even if Plaintiff did have to overcome a hearsay objection at trial, the websites are authenticatable as business records of the organizations sponsoring those websites.

### Hearsay Objections

Defendant objects to the following Proposed Material Facts based on inaccurate hearsay objections. Plaintiff's response to these hearsay objections are outlined in the chart below.

| Exhibit at Issue | Description of Exhibit | Plaintiff's Proposed Material Facts ("PPMF") Numbers where Exhibit is at issue | Evidentiary Rule |
|---|---|---|---|
| A | 2018 Code of Conduct | 28 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. 801(d)(2)) |
| B | Doe's 10/2/2018 Transcript | 1, 12 | Prior consistent statement (Fed. R. Evid. 801(d)(1)); business record (Fed. R. Evid. 803(6)) |
| C | Doe's First Appeal | 15, 16 | Not offered for the truth (Fed. R. Evid. 801(c)); business record (Fed. R. Evid. 803(6)) |
| D | University's First Appeal Decision | 17 | Party admission (Fed. R. Evid. 801(d)(2)); business record (Fed. R. Evid. 803(6)); not offered for the truth (Fed. R. Evid. 801(c)) |
| G | University's Second Appeal Decision | 27 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. 801(d)(2)); not offered for the truth (Fed. R. Evid. 801(c)) |
| H | Roe's 10/1/18 Interview Transcript | 3, 14 | Not offered for the truth (Fed. R. Evid. 801(c)) |
| M | University's Findings Report | 3, 13, 14 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. |

| | | | |
|---|---|---|---|
| | | | 801(d)(2)); not offered for the truth (Fed. R. Evid. 801(c)) |
| N | Roe's 10/11/2018 Transcript | 3 | Not offered for the truth (Fed. R. Evid. 801(c)); business record (Fed. R. Evid. 803(6)) See Dkt.32, 86:1-4 |
| Q | University's Second Findings Letter | 18, 23 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. 801(d)(2)); not offered for the truth (Fed. R. Evid. 801(c)) |
| S | University and OCR Resolution Agreement | 9 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. 801(d)(2)); public record (Fed. R. Evid. 803(8)); not offered for the truth (Fed. R. Evid. 801(c)) |
| AA | Witness 9/18/18 Interview Transcript | 3 | Business record (Fed. R. Evid. 803(6)); party admission (Fed. R. Evid. 801(d)(2)); absence of a regularly conducted activity (Fed. R. Evid. 803(7)) |
| EE | Title IX Case Chart produced by Marian University | 26 | Party admission (Fed. R. Evid. 801(d)(2)); business record (Fed. R. Evid. 803(6)); Summary 1006 |

| | | | |
|---|---|---|---|
| GG | Doe's Response to 11/5/18 Interview | 24 | Prior consistent statement (Fed. R. Evid. 801(d)(1)) |
| II | Title IX Legal Case Update Training | 25 | Not offered for the truth (Fed. R. Evid. 801(c)) |
| JJ | Updates in Compliance and Hot Topics Training | 5 | Not offered for the truth (Fed. R. Evid. 801(c)) |
| NN | Peter Lake Higher Education Training | 5 | Not offered for the truth (Fed. R. Evid. 801(c)); business record (Fed. R. Evid. 803(6)) |
| OO | Campus SAVE/ Title IX Committee Meeting Minutes 09/02/15 | 4, 13 | Business record(Fed. R. Evid. 803(6)); Admission (Fed. R. Evid. 801(d)(2)) |
| QQ | January 2017 Student Conduct Processes Slides by Paul Krikau, PhD | 6 | Admission (Fed. R. Evid. 801(d)(2)); not offered for the truth (Fed. R. Evid. 801(c)) |
| RR | Doe Declaration | 2, 15, 24 | Using declarations is specifically provided for in Rule 56(c)(1)(a) |
| Website | It's on Us Website | 7 | Not offered for the truth (Fed. R. Evid. 801(c)); Business record (Fed. R. Evid. 803(6)) |
| Website | Dear Colleague Letter | 10 | Not offered for the truth (Fed. R. Evid. 801(c)); Public record (Fed. R. Evid. 803(8)) |
| Website | The Hunting Ground Website, FN 3 | 8 | Not offered for the truth (Fed. R. Evid. 801(c)); Business record (Fed. R. Evid. 803(6)) |
| Website | The Hunting Ground Website, FN 4 | 8 | Not offered for the truth (Fed. R. Evid. 801(c)); Business record (Fed. R. Evid. 803(6)) |

As previously discussed, many of Defendant's hearsay objections should be overruled because the exhibits are not being offered for the truth of the matter asserted. *See* Exhibits C, D, G, H, M, N, Q, S, II, JJ, NN, and QQ in the above chart. Actually, Doe believes that the assertions in these exhibits, in many cases, are false. The relevance of those exhibits is to show their effect on the Defendant and its employees, specifically to demonstrate the investigators' biases and discrimination throughout Doe's investigation.

### Other Objections

Defendant objects to PPMF 4 because it "failed to cite admissible evidence in the record to support the proposed fact." PPMF reads as follows: "During the Campus Save Committee Meeting on 03/15/16, the committee reviewed a case study pertaining to a Title IX case that took place at George Mason University. The committee discussed due process rights in these investigations. [Ex. OO (Dx 63) at DEF002076]." There are two sentences in response to PPMF 4. At the end of the two sentences, there is one cite, which encompasses both sentences.

Defendant objects to PPMF 19, 20, 22 and 29 because they "failed to cite admissible evidence in the record to support the proposed fact." The evidence cited is Kate Candee's deposition, which is not only properly in the record, but more importantly, is admissible evidence. Depositions are testimony and are specifically provided for in Federal Rules of Civil Procedure 56(c)(1)(A), as well as Federal Rules of Civil Procedure 32. As such, depositions are admissible evidence.

9

Defendant objects to PPMF 22 because "Defendant's counsel objected to the form of the question asked by Plaintiff's counsel." PPMF 22 reads "Notably, as the Title IX Coordinator, it was Investigator Candee who oversaw the implementation of the new Code of Conduct. [Dkt. 34:123:14-20]." When Candee was asked in her deposition, "Is it fair to say that as the Title IX coordinator, you oversaw the implementation of the new code of conduct that was put into place in October of 2018," Defendant objected on form. Candee answered "yes." Now, Defendant uses this deposition objection to object to PPMF 22; however, Defendant now fails to provide their legal basis for its objection. Regardless, any objection should be overruled, and the fact is properly before the Court.

DATED: December 13, 2019            Respectfully submitted,

By: /s/ Jesse R. Binnall
Harvey & Binnall, PLLC
Jesse R. Binnall, VSB No. 79292
Lindsay R. McKasson, CSB No. 293144
717 King Street, Suite 300
Alexandria, Virginia 22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
Email: jbinnall@harveybinnall.com
         lmckasson@harveybinnall.com

*Counsel for Plaintiff, John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

                        By: /s/ Jesse R. Binnall
                        Harvey & Binnall, PLLC
                        Jesse R. Binnall, VSB No. 79292
                        Lindsay R. McKasson, CSB No. 293144
                        717 King Street, Suite 300
                        Alexandria, Virginia 22314
                        Telephone: (703) 888-1943
                        Facsimile: (703) 888-1930
                        Email: jbinnall@harveybinnall.com
                                   lmckasson@harveybinnall.com

                        *Counsel for Plaintiff, John Doe*